### SCHWARTZ v. W. S. WILSON CORPORATION.

### HYGEIA FILTERING CORPORATION v. SAME.

District Court, S. D. New York.
March 25, 1942.

Abraham H. Goodman, of New York City, for plaintiffs.

Howson & Howson, of Philadelphia, Pa. (Kennard N. Ware, and Charles H. Howson, Jr., both of Philadelphia, Pa., and Hubert A. Howson, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The plaintiff brings two suits on eleven patents relating to improvements or inventions upon respirators generally used for the protection of persons who in the course of their work come in contact with dust, gases and fumes, claiming that the defendant infringed on these patents.

It is claimed that the defendant sold three types of respirators known and described as Willson No. 200, 750 and 770, each of which it is alleged infringes upon the various claims in plaintiff's patent now in suit.

The defense to each of the eleven patents are, first, non-infringement; second, invalidity because of anticipation by the prior art; third, lack of invention in that the patents are the result of ordinary mechanical skill and not that of invention.

The plaintiff contends that its invention consists of displaceable and detachable groove which fits into the filter pads. What is claimed to be new and novel in the *plaintiff's invention* chiefly centers around this filter pad, and it may be said to be the insertion of an inturned flange which holds the filter material more secure; a circular rubber attachment for better breathing; and, in addition to some other devices, a device which tightens the edge of the filter pads.

From the testimony and examination of both the plaintiff's and defendant's exhibits, as well as a consideration of the prior art, I have reached the conclusion that the plaintiff's two actions must fail. A physical examination of the main features of the defendant's devices 200, 750 and 770, when compared with the claims contained in the plaintiff's patents, show them to be sufficiently different and dissimilar to warrant a finding of non-infringement.

Further, I am of the opinion that even if the defendant's devices were to infringe on some of the plaintiff's claims, the action must fail because the plaintiff's eleven patents are in essence, in the opinion of the Court, merely a progressive series or progressive steps in which each new patent modifies in some, perhaps, mechanically skillful aspect the previous patent. In other words, it is an accumulation involving ordinary mechanical skill and not that of invention.

Defendant also urges that some of the plaintiff's patents are invalid as being anticipated by prior art patents. In view of the disposition made with respect to non-infringement and lack of invention it becomes unnecessary to pass upon this question.